IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JULIE A. ARNOLD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:11-cv-1083 |
| | )   Judge Trauger |
| RELIANT BANK, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

Pending before the court is the Plaintiff's Motion for Expedited Court-Supervised Notice (Docket No. 10), to which the defendant has filed a response (Docket No. 17). For the reasons discussed herein, the plaintiff's motion will be denied.

## BACKGROUND

On November 14, 2011, the plaintiff filed her Complaint in this case.[1] The plaintiff is a former employee of the defendant, Reliant Bank ("Reliant"), a Tennessee corporation which operates four branches in Tennessee. The plaintiff worked for Reliant as a mortgage loan originator at its Brentwood, Tennessee branch from January 2010 through May 2011.

The plaintiff has brought claims for gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq*. (2011). However, more pertinent to the motion presently before the court is her

---

[1] Unless otherwise noted, the facts are drawn from the parties' filings and related exhibits.

1

claim for overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Specifically, the plaintiff alleges that, during the course of her employment, she and other mortgage loan officers were not paid time-and-a-half for all of the overtime hours that they worked, despite the fact that they consistently worked over 40 hours per week. She seeks to represent a class of all current and former Reliant employees who have worked as mortgage loan originators at the company's Brentwood, Tennessee branch within the 3 year period preceding the issuance of notice to members of the putative class.

## ANALYSIS

In seeking court-ordered "authorization" to proceed, at this early stage, as a collective action, the plaintiff is seeking what is generally known as "conditional certification" of a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA.

### I. FLSA Certification Standard

Recognizing that the value of an individual claim might be small and not otherwise economically sensible to pursue, the FLSA provides that a collective action "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Because the statute only requires that employees be "similarly situated," a plaintiff seeking to certify a collective action under the FLSA faces a lower burden than those seeking to certify a class action under Federal Rule of Civil Procedure 23. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009). Once a collective action is certified, however, employees seeking to join the class must

affirmatively opt into the litigation by filing a written consent with the court. 29 U.S.C. § 216(b).

The FLSA does not define the term "similarly situated." However, the Sixth Circuit has held that "plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien*, 575 F.3d at 585. But employees may also be similarly situated if their claims are merely "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *Id.* Indeed, "[s]howing a 'unified policy' of violations is not required [for certification]." *Id.* at 584. In *O'Brien*, the Sixth Circuit stated that even a requirement that employees' "causes of action under the FLSA accrued at about the time and place in the approximate manner of the named plaintiff" would be "more demanding than what the [FLSA] requires." *Id.* at 585.

Typically, courts employ a two-phase inquiry to address whether the named plaintiff is similarly situated to the employees she seeks to represent. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006); *O'Brien*, 575 F.3d at 583. "The first [phase] takes place at the beginning of discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546 (quotation marks omitted).

At the first stage, the plaintiff bears the burden of showing that employees in the class are similarly situated. *Shabazz v. Asurion Ins. Serv.*, No. 3:07-0653, 2008 WL 1730318, at *3 (M.D. Tenn. Apr. 10, 2008). At that point, "'the certification is conditional and by no means final.' The plaintiff must show only that 'his position is similar, not identical, to the positions held by

3

the putative class members.'" *Comer*, 454 F.3d at 546-47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). In *Comer*, the Sixth Circuit approvingly quoted the lower court's decision, which stated that conditional certification "'need only be based on a modest factual showing,'" *Id.* at 547 (quoting *Pritchard*, 210 F.R.D. at 596), and that the court should use "'a fairly lenient standard [that] typically results in . . . certification.'" *Id.* (quoting *Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 497 (D.N.J. 2000)). If the named plaintiff shows that employees in the proposed class are similarly situated, "[t]he district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Comer*, 454 F.3d at 546.

After discovery, the defendant may move for decertification of the conditional class. *See O'Brien*, 575 F.3d at 583; *Shabazz*, 2008 WL 1730318, at *3 (citing *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 952 (11th Cir. 2007)). At this second stage, the court has access to more information and employs a "stricter standard" in deciding whether class members are, in fact, similarly situated. *Comer*, 454 F.3d at 547. The plaintiff's motion in the present case comes to the court at the first stage of the two-phase inquiry.

## II.  Whether Other Employees are Similarly Situated to the Named Plaintiff

The parties dispute whether the plaintiff has sufficiently shown that she is similarly situated to a class of other employees. In support of her motion, the plaintiff has submitted a declaration in which she states that the defendant failed to compensate its mortgage loan originators time-and-a-half for all overtime hours that they worked. In response, Reliant argues, among other things, that the plaintiff's declaration does not demonstrate that she is similarly

4

situated to the individuals she seeks to represent because it lacks sufficient detail. (*See* Docket No. 17, at 7-8.)

In her declaration, the plaintiff states that, while she was employed by Reliant as a mortgage loan originator, she regularly worked more than 40 hours per week. (Docket No. 10, Ex. 1 ¶¶ 3, 5.) Nonetheless, Reliant did not compensate her for all of the overtime hours that she worked. (*Id.* ¶ 5.) The plaintiff adds that she is personally aware of other mortgage loan originators who similarly were not paid for all of the overtime hours that they worked. (*Id.* ¶ 6.)

Having reviewed the plaintiff's declaration, the court finds that she has failed to make a modest factual showing demonstrating that she is similarly situated to other mortgage loan originators at Reliant's Brentwood branch. While the declaration states that the plaintiff was denied compensation for overtime work, it fails to articulate any basis for how the plaintiff possesses personal knowledge regarding the experiences of other mortgage loan originators at Reliant's Brentwood branch. For instance, the declaration fails to provide any details concerning any specific mortgage loan originator known to the plaintiff as having performed uncompensated overtime work at the Brentwood branch. Moreover, her declaration neither asserts that she observed other mortgage loan originators work overtime at the Brentwood branch without receiving appropriate compensation nor does it even assert that she learned of that fact through conversations with other Reliant employees. In sum, the plaintiff's declaration lacks sufficient detail to meet even the fairly lenient standard for conditional certification that courts apply in this circuit. Accordingly, the plaintiff's motion will be denied.

## CONCLUSION

For all of the reasons discussed herein, the Plaintiff's Motion for Expedited Court-Supervised Notice (Docket No. 10) is **DENIED**. However, this denial will be without prejudice to the plaintiff's right to seek class certification and notice should the evidence obtained in discovery warrant such a request.

It is so Ordered.

Entered this 2nd day of August 2012.

_____
ALETA A. TRAUGER
United States District Judge